PEOPLE v SMITH

Docket No. 111724. Submitted September 6, 1989, at Lansing. Decided October 16, 1989.

Danny G. Smith, also known as Daniel G. Smith, was convicted of second-degree criminal sexual conduct following his plea of guilty in the Livingston Circuit Court. The trial court, Daniel A. Burress, J., sentenced defendant to from three to fifteen years imprisonment. Defendant appealed, alleging that he is entitled to resentencing because the prosecutor did not comply with the Crime Victim's Rights Act which requires the prosecutor to give the victim notice of the right to make an impact statement at sentencing and of the time and place of the sentencing proceedings.

The Court of Appeals *held:*

Assuming, without deciding, that the prosecuting attorney did not meet his obligations under the act, defendant is not entitled to resentencing. A violation of the Crime Victim's Rights Act does not entitle a defendant to have a conviction or sentence set aside. A violation of the act does not inure to the benefit of the defendant. Defendant's argument that he was entitled to resentencing because he entered into his plea bargain relying upon the victim's having an opportunity to address the court at sentencing is without merit.

Affirmed.

1. CRIMINAL LAW — CRIME VICTIM'S RIGHTS ACT — APPEAL.

A defendant is not entitled to have his conviction or sentence set aside because of a violation of the Crime Victim's Rights Act; a violation of the act does not inure to the benefit of the defendant (MCL 780.774; MSA 28.1287[774]).

2. CRIMINAL LAW — SENTENCING — OPPORTUNITY FOR VICTIM TO ADDRESS COURT.

Resentencing *is required for the failure to comply with the*

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.

See the Index to Annotations under Mitigation or Aggravation of Punishment; Sentence and Punishment; Victims.

provisions of the Michigan Court Rules subrule concerning sentencing except for the failure to afford the victim an opportunity to address the court (MCR 6.101[G]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Timothy L. Hensick,* for defendant.

Before: MICHAEL J. KELLY, P.J., and SAWYER and CAVANAGH, JJ.

SAWYER, J. Defendant was convicted upon his plea of guilty of criminal sexual conduct in the second degree. MCL 750.520c(1)(b); MSA 28.788(3)(1)(b). He was thereafter sentenced to a term of three to fifteen years in prison. He now appeals and we affirm.

Defendant's sole argument on appeal is that he is entitled to resentencing due to a violation of the Crime Victim's Rights Act. MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.* Specifically, defendant argues that the prosecuting attorney failed to comply with the requirements of MCL 780.763(1)(f) and (g); MSA 28.1287(763)(1)(f) and (g), which require the prosecuting attorney to give the victim notice of her right to make an impact statement at sentencing and of the time and place of the sentencing proceeding. Defendant's argument is without merit.

Even assuming, without deciding, that the prosecuting attorney did not meet his obligations under the above statute, defendant is not entitled to resentencing. MCL 780.774; MSA 28.1287(774) provides that a violation of the act does not entitle a defendant to have a conviction or sentence set aside:

> The failure to provide a right, privilege, or notice to a victim under this article shall not be grounds for the defendant to seek to have the conviction or sentence set aside.

This is consistent with the provisions of MCR 6.101(G) which provided at times relevant to this appeal for resentencing for failure to comply with that subrule, other than a failure to allow the victim to address the court. Simply put, a violation of the Crime Victim's Rights Act does not inure to the benefit of the defendant.

To the extent that defendant also argues that he is entitled to resentencing because he entered into his plea bargain relying upon the victim's having an opportunity to address the court at sentencing, that theory is also without merit. At most, defendant has made a showing that the victim was not given notice of her rights under the act, not that the prosecutor or the trial court prevented her from making a statement at sentencing. That is, there is no indication that she was denied her opportunity to make a statement. In fact, the sentencing transcript indicates the victim had made a written impact statement but indicated that she did not wish it to be included with the presentence report.

Affirmed.