John HAMILTON, individually; and
Jo–Bet Inc., d/b/a Henry the
VIII South, Plaintiffs,

v.

Lawrence LOKUTA, individually,
Defendant.

No. 91–73745.

United States District Court,
E.D. Michigan, S.D.

Sept. 30, 1992.

Michael L. Donaldson, Livonia, Mich., for plaintiff.

Michael L. Rosati, Cummings McClorey, Livonia, Mich., for defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On June 15, 1992, defendant Lawrence Lokuta filed a motion for summary judg-

ment in the above-captioned case. Plaintiffs John Hamilton and Jo–Bet, Inc. ["Jo–Bet"] filed a response June 30, 1992; and defendant filed a reply August 7, 1992. Additionally, on June 15, 1992, plaintiffs filed a motion for summary judgment. Defendant filed a response to that motion June 25, 1992; and plaintiffs failed to file a reply.

## FACTS

Defendant is a detective lieutenant for the City of Southgate Police Department. Plaintiff Jo–Bet, d/b/a Henry the VIII South ["Henry's"], is a bar/entertainment club featuring, among other forms of entertainment, female dancers. Plaintiff Hamilton is a shareholder of Jo–Bet and therefore has an equity, as a stockholder, in the corporation which is the owner and operator of Henry's.

On May 10, 1991, the Down River Narcotics Unit ["DRANO"] enhancement team was contacted by defendant. Defendant requested the unit to assist in an undercover investigation into possible narcotics activity and "lewd and lascivious behavior" by employees and Henry's. During the subsequent investigations conducted on May 10, May 15, and May 17, 1991, undercover police officers purchased "lap dances" from the dancers using pre-recorded police funds. As a result of the investigation, arrest warrants were issued in the dancers' stage names.

In the late hours of June 13, 1992, and the early hours of June 14, 1991, defendant, along with five officers from the city of Southgate, three DRANO officers, two Wyandotte officers, and two Taylor officers, entered Henry's to carry out the arrest warrants.

According to defendant, the officers told two men of the warrants and attempted to gather all of the dancers in one area of the bar. The two men took no action. After some delay due to the warrants being in the dancers' stage names, the dancers who were present in the bar were identified and taken into custody. After about fifteen minutes, the officers then brought in a police dog to search the premises. Patrons in the bar were asked to stay in the bar while the dog made a pass through the bar. No narcotics were found except for a small bag of marijuana. Defendant claims that no one protested to being kept in the bar for approximately fifty minutes. According to defendant, the patrons were detained for the safety of the officers. According to defendant, the entire search was completed by 1:30 a.m. on June 14, 1991. No arrests were made, and plaintiff Hamilton never identified himself as the owner of the establishment.

According to plaintiffs, upon entering Henry's, defendant held his badge in the air and yelled that the establishment was closed. Defendant ordered the music to be shut down and the lights to be turned on. Patrons that entered Henry's after the officers established a perimeter were not allowed to leave. All patrons were held at least fifty minutes and possibly up to an hour and thirty minutes. Finally, Hamilton contends that he saw police officers kicking the side of the stage out to allow the police dog to go in.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Die-*

bold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); Bender v. Southland Corp., 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Gregg v. Allen–Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); Gregg, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); see also Celotex, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). Anderson, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of issue to the jury. Lucas v. Leaseway

Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D.Mich.1990), aff'd, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. Ashbrook v. Block, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. Id.

## ANALYSIS

In their complaint, plaintiffs seek injunctive relief and monetary damages for alleged violations of their civil rights under the fourth and fourteenth amendments of the United States Constitution and 42 U.S.C. § 1983.

Defendant asserts four grounds for granting his motion for summary judgment. First, defendant contends that the Michigan Liquor Control Act permits warrantless searches of licensees' premises, and therefore, no constitutional violation was committed. Second, defendant asserts that plaintiff Hamilton lacks standing to sue. Third, defendant states that plaintiff Jo–Bet lacks standing to sue. Finally, defendant claims that he is entitled to qualified immunity thus barring plaintiff's claims under federal law. Additionally, plaintiffs assert that their motion for summary judgment should be granted because there is no genuine issue of material fact on whether an unreasonable search was conducted by defendant.

### I

■ Defendant contends that the Michigan Liquor Control Act, Mich.Comp.Laws Ann. § 436.7a(2), permits warrantless searches of licensees' premises; and therefore, no constitutional violation was committed. Section 436.7a(2) reads

> A licensee shall make the licensed premises available for inspection and search by a commission investigator or law enforcement officer empowered to enforce the commission's rules and Act No. 8 of the Public Acts of the Extra Session of 1933, as amended, being sections 436.1 to 436.58 of the Michigan Compiled Laws during regular business hours or when the licensed premises are occupied by the

licensee. Evidence of a violation discovered pursuant to this subsection may be seized and used in an administrative or court proceeding.

*Id.* The Michigan Court of Appeals has stated that section 436.7a(2)

authorizes, at a minimum, the search without a warrant of any licensed premises for the purpose of discovering any violation of the Liquor Control Act or the regulations promulgated pursuant to that act.

*People v. Smith,* 180 Mich.App. 622, 631, 447 N.W.2d 847 (1989). The regulations promulgated under the Liquor Control Act state, in pertinent part, that

A licensee, or the clerk, servant, agent, or employee of the licensee, shall not do any of the following:

\*     \*     \*     \*     \*     \*

(d) Allow the sale, possession, or consumption on the licensed premises of any controlled substances which are prohibited by Act No. 368 of the Public Acts of 1978, as amended, being § 333.1101 et seq. of the Michigan Compiled Laws.

(e) Allow narcotics paraphernalia to be used, stored, exchanged, or sold on the licensed premises.

1986 A.A.C.S., R. 436.1101(5); *see also id.* at R. 436.1101(1) (prohibiting a licensee or his employee from engaging in any illegal occupation or illegal act on the licensed premises).

Reading plaintiffs' motion, briefs, and complaint, it is apparent that plaintiffs are not complaining that section 436.7a(2) is unconstitutional, but rather that the search was unreasonable. As is undisputed, the liquor industry is a pervasively regulated business. *See Colonnade Catering Corp. v. United States,* 397 U.S. 72, 77, 90 S.Ct. 774, 777, 25 L.Ed.2d 60 (1970). The Supreme Court has set out three criteria to determine when a warrantless inspection in the context of a pervasively regulated business is reasonable.

First, there must be a "substantial" government interest that informs the regulatory scheme pursuant to which the inspection is made. Second, the warrantless inspections must be "necessary to further [the] regulatory scheme".... Finally, "the statute's inspection program, in terms of the certainty and regularity of its application, [must] provide[e] a constitutionally adequate substitute for a warrant." In other words, the regulatory statute must perform the two basic functions of a warrant: it must advise the owner of the commercial premises that the search is being made pursuant to the law and has a properly defined scope, and it must limit the discretion of the inspecting officers.

*New York v. Burger,* 482 U.S. 691, 702–703, 107 S.Ct. 2636, 2644, 96 L.Ed.2d 601 (1987) (citations omitted). Applying these criteria, this court finds that the search in question was reasonable in light of the statute.

First, it is without doubt that there is a "substantial" government interest in preventing criminal activity from infiltrating the liquor industry. *E.g., Colonnade Catering,* 397 U.S. at 75, 90 S.Ct. at 776. Second, the warrantless search in question was necessary to further the regulatory scheme. Forcing inspectors or other officials to secure warrants before conducting raids or inspections might alert bar owners to the impending inspection, thereby frustrating the Liquor Control Act. *Cf. Donovan v. Dewey,* 452 U.S. 594, 603, 101 S.Ct. 2534, 2540, 69 L.Ed.2d 262 (1981) (forcing mine inspectors to obtain warrants might alert mine owners). Third, the statute's inspection program provided Jo–Bet with a constitutionally adequate substitute for a warrant. Section 436.7a(2) advises Jo–Bet that a search may be made pursuant to the statute. *See Burger,* 482 U.S. at 711, 107 S.Ct. at 2648; *Donovan,* 452 U.S. at 603, 101 S.Ct. at 2540. Section 436.7a(2) also set forth the scope of the inspection, the officials who are authorized to make inspections, and sets the times and places for such inspections. *See Burger,* 482 U.S. at 711, 107 S.Ct. at 2648; *United States v. Biswell,* 406 U.S. 311, 315, 92 S.Ct. 1593, 1596, 32 L.Ed.2d 87 (1972). Therefore, the search conducted under section 436.7a(2) falls under the exception to the warrant requirement for administrative inspections.

It is immaterial that defendant and the other officers had the intent to substantiate criminal charges rather than mere regulatory violations. *Burger,* 482 U.S. at 712, 107 S.Ct. at 2648–49; *Smith,* 180 Mich. App. at 631 n. 3, 447 N.W.2d 847. The decision whether Jo–Bet and Hamilton would be criminally charged or merely face administrative actions against the liquor license is in the hands of the prosecutor and not defendant. *Id.* Further, the search in question is not rendered unreasonable by the fact that defendant has the power to arrest individuals for violations other than those created by the statute. *Burger,* 482 U.S. at 717, 107 S.Ct. at 2651. Defendant's intent and capacity play no role in this decision.

Additionally, the conduct of defendant during this search was not oppressive or reprehensible, even under plaintiffs' version of the facts. Calm was maintained in the establishment, the patrons were detained for a short period of time for the safety of the officers involved, and all nonwarranted individuals were released. Arrest warrants were carried out, and a controlled substance was actually found on the premises. From the facts given by both sides, this court can conceive of no civil right violated by defendant.

## II

■ Defendant also asserts that plaintiff Hamilton has no standing to sue under section 1983 or the United States Constitution because he has suffered no actual injury. However, Hamilton asserts that he has suffered mental anguish because of the search on Henry's. The United States Court of Appeals for the Sixth Circuit has recognized that a civil rights injury "need not have been a physical one. Damages for pain and suffering, mental anguish, and the like are available to the extent that actual injury has been proved." *Pembaur v. City of Cincinnati,* 882 F.2d 1101, 1104–105 (6th Cir.1989); *Brandon v. Allen,* 719 F.2d 151, 154 (6th Cir.1983), *rev'd on other grounds,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); *cf. Erebia v. Chrysler Plastic Prods. Corp.,* 772 F.2d 1250, 1259 (6th Cir.1985) (nominal damages awarded

where plaintiff's only emotional injury was his claim that he was "highly upset"). Because plaintiff had pleaded that he suffered mental anguish, defendant's motion cannot be granted on this ground.

## III

■ Defendant additionally contends that plaintiff Jo–Bet, as a corporation, lacks standing to sue under section 1983 and the United States Constitution. Further, defendant asserts that Jo–Bet has not suffered any injury. The United States Supreme Court has held that a corporation is a "person" within the meaning of the fourteenth amendment and section 1983. *See Metropolitan Life Ins. Co. v. Ward,* 470 U.S. 869, 881 n. 9, 105 S.Ct. 1676, 1683 n. 9, 84 L.Ed.2d 751 (1985); *Grosjean v. American Press Co.,* 297 U.S. 233, 244, 56 S.Ct. 444, 446–47, 80 L.Ed. 660 (1936); *see also Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071, 1079 (7th Cir. 1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979); *cf. Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (municipalities and other local government units are persons under section 1983). The Sixth Circuit has read these cases to declare that private corporations are indeed "persons" but not "citizens" within the meaning of the fourteenth amendment. *South Macomb Disposal Auth. v. Township of Washington,* 790 F.2d 500, 503 (6th Cir.1986). Therefore, because plaintiff Jo–Bet is a corporation, it lacks standing to sue under section 1983 and the fourteenth amendment for "deprivation[s] of any ... privileges[ ] or immunities" but maintains standing to sue for "deprivation[s] of any rights...." *See id.;* 42 U.S.C. § 1983. Because Jo–Bet is suing for a deprivation of its rights under the fourth amendment through the fourteenth amendment and section 1983, it has standing.

■ Further, defendant asserts that Jo–Bet has suffered no injury. As pointed out in their response, Jo–Bet is claiming a loss in business and economic injury. These

injuries are sufficient to maintain a civil rights complaint. *See Pembaur*, 882 F.2d at 1104–105. Therefore, summary judgment cannot be granted on this ground.

## IV

■ Finally, defendant claims that he, as a law enforcement officer, is entitled to the application of qualified immunity. The test for immunity is "whether a reasonably well-trained officer would have known that the search was illegal...." *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986) (quoting *United States v. Leon*, 468 U.S. 897, 922 n. 23, 104 S.Ct. 3405, 3420 n. 23, 82 L.Ed.2d 677 (1984)). "[T]he 'reasonableness' of a particular seizure depends not only on *when* it was made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 7–8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985)) (emphasis in original). In this case, defendant was relying on a presumably valid statute allowing warrantless searches. Further, his actions were reasonable and not oppressive. It is clear to this court that defendant is entitled to qualified immunity.

## V

In their motion for summary judgment, plaintiffs merely state their version of the facts and assert that no genuine issue of material fact exists as to whether their rights were violated under the fourth and fourteenth amendments and section 1983. First, as stated above, under the Michigan Liquor Control Act, Mich.Comp.Laws Ann. § 436.7a(2); *Burger*, 482 U.S. at 702–703, 107 S.Ct. at 2644; and *Smith*, 180 Mich. App. at 631 & n. 3, 447 N.W.2d 847, the search conducted by defendant and other officers was not unreasonable. No oppressive means nor illegal tactics were involved. Next, because no oppressive means were employed, *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871, and because no clearly established right was violated. *Malley*, 475 U.S. at 345, 106 S.Ct. at 1098, defendant is entitled to qualified immunity.

■ The mere fact that plaintiff alleges that he heard defendant state his wish to "put Hamilton out of business" is irrelevant. While the injury suffered by plaintiff may be intangible, a civil rights violation must be concrete. Plaintiff may not base his claim on a defendant's intent. Further, defendant's statement can not be construed as a threat. A civil rights claim may also not be brought against a defendant when he acts upon his intent. A cognizable civil rights claim may be brought only when a defendant violates a plaintiff's civil rights through illegal or unreasonable means. No illegal or unreasonable acts are shown by plaintiffs through their pleadings or deposition exhibits. Therefore, this court will not grant plaintiffs' motion for summary judgment.

### ORDER

Therefore, it is hereby ORDERED that defendant's motion for summary judgment is GRANTED.

It is further ORDERED that plaintiffs' motion for summary judgement is DENIED.

SO ORDERED.