# In the Iowa Supreme Court

No. 24–1143

Submitted December 16, 2025—Filed January 30, 2026

**State of Iowa,**

Appellee,

vs.

**Douglas Neal Warburton,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Worth County, Gregg R. Rosenbladt, judge.

The defendant seeks further review of the court of appeals decision that it lacked appellate jurisdiction to address the district court's denial of defendant's motion for resentencing because the denial was not specifically identified in his notice of appeal. **Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Karmen Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

**McDonald, Justice.**

Douglas Warburton pleaded guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(1)(*a*) (2023), and the district court sentenced him to a term of incarceration not to exceed ten years plus a special sentence of lifetime supervision. Warburton contends that he is entitled to a new sentencing hearing because the district court did not have the opportunity to consider at the time of sentencing a later-filed statement allegedly written by the victim that advocated for a probationary sentence. We affirm.

I.

In June of 2023, the State charged Warburton in Worth County with sexual abuse in the second degree, lascivious acts with a child, sexual abuse in the third degree, and indecent contact with a child arising out of the alleged sexual abuse of his grandchild E.W. The State filed a separate case in Mitchell County for acts of sexual abuse allegedly occurring in that county. The parties entered into a plea agreement to resolve all of the charges in April 2024. The defendant agreed to plead guilty to lascivious acts with a child in the Worth County case by way of *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), and the State agreed to dismiss all remaining charges in both cases and adopt the sentencing recommendation as contained in the presentence investigation report (PSI).

The matter came on for a sentencing hearing on June 24. The prosecutor informed the court that he had been in contact with the guardian ad litem appointed for the child, and the guardian ad litem "indicated there is no victim impact statement." The department of correctional services prepared a PSI. The PSI recommended incarceration for an indeterminate term not to exceed ten years. The PSI noted that "[a]t the time of this report, a Victim Impact Statement

has not been received." The defendant was given an opportunity to object to the PSI, but he did not lodge any objection to it. He did note one factual item that needed correction, and the district court made the correction. The defendant then waived any motion to arrest judgment and confirmed there were no reasons not to proceed with sentencing and judgment. The defendant called two witnesses to testify on his behalf. The first was his son, E.W.'s father, and the second was his daughter, E.W.'s aunt and legal guardian. Both testified that Warburton, age sixty-six at the time of sentencing, was not a risk to the greater community and should be placed on probation rather than incarcerated. The defendant gave his allocution and argued for a probationary sentence. The district court sentenced the defendant to incarceration and gave a robust explanation for the sentencing decision. The district court filed its written judgment and sentence later the same day.

The following day, on June 25th, Warburton moved for resentencing. In the motion, Warburton claimed that E.W.'s guardian ad litem advised Warburton that no one reached out to E.W. regarding a victim impact statement. The motion claimed that E.W. provided Warburton with a written victim impact statement after the sentencing hearing. Among other things, the undated statement provided, "[Warburton] should be able to have his job back and be in our community. I don't think he should go to prison." Warburton claimed that the victim was entitled to make a statement to the court. Because the court was not able to consider the victim's statement at the time of sentencing, Warburton argued, he was entitled to a new sentencing hearing where the court could hear from the victim and consider her advocacy for a probationary sentence.

The prosecutor resisted Warburton's motion. The prosecutor's resistance stated that, prior to sentencing, the victim advised that she did not wish to make

a statement. The resistance further stated that the written victim impact statement was given to the prosecutor two days after the sentencing hearing. As far as the prosecutor knew, "the victim impact statement was not in existence at the time of sentencing." The resistance further stated that if someone associated with the case knew differently, they could advise the court of the same.

No one advised the court of anything different, and the district court denied the motion. The district court explained that the defendant made no objections to the PSI or the lack of victim impact statement at the time of sentencing. The court noted that the victim impact statement "may have been generated post-sentencing." If the parties had requested a continuance to allow the preparation and presentation of a victim impact statement, the court stated it likely would have granted such a request; however, "no such request was made." The court concluded that "the defendant and perhaps defendant's supportive family members wish to have a second attempt at sentencing in order to present additional information to the Court." The court denied the defendant's second attempt at sentencing.

Two days after the district court denied the motion for resentencing, Warburton filed a notice of appeal. Warburton raised two challenges to his sentence. He first claimed that the district court abused its discretion in failing to suspend his sentence and place him on probation. In particular, Warburton argued that the district court placed undue weight on the PSI recommendation and statements in the PSI and that the court did not properly balance all of the other relevant factors. Warburton next claimed the district court abused its discretion in denying his motion for resentencing, thereby disallowing the victim to present an impact statement during a new sentencing hearing.

We transferred the case to the court of appeals. As to the first issue, the court of appeals rejected Warburton's challenge to the district court's exercise of discretion. As to the second issue, the court of appeals, at the State's urging, concluded that it did "not have jurisdiction to address the . . . issue because it originates from a post-sentencing order from which Warburton did not appeal." The court explained that the notice of appeal specified that the appeal was from the final judgment entered on June 24, 2024. The notice did not mention Warburton's motion for resentencing or the district court's order denying the motion. The court of appeals concluded that because Warburton did not file a separate "notice of appeal disputing that order, [it did] not have jurisdiction to consider challenges to it."

We granted Warburton's application for further review. On further review, this court has the discretion to review any issues raised in the appeal. *State v. Hawkins*, 27 N.W.3d 562, 567 (Iowa 2025). We exercise that discretion in this case to address the court of appeals' jurisdictional ruling and Warburton's claim regarding his request for resentencing. The court of appeals decision is final with respect to Warburton's challenge to the district court's exercise of discretion.

## II.

We first address the jurisdictional issue. An appeal is the right of the defendant to have the actions of the district court reviewed by an appellate court. Iowa Code § 814.1. A defendant convicted of a nonclass "A" criminal offense following the entry of a guilty plea has an appeal as a matter of right only upon establishing good cause to appeal. *Id.* § 814.6(1)(*a*)(3). Good cause means a legally sufficient reason. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). A legally sufficient reason means a reason that could allow an appellate court to provide the defendant some relief. *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa

2021). We have held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105.

A defendant with an appeal as a matter of right invokes this court's appellate jurisdiction by timely filing a signed notice of appeal with the clerk of the district court where the challenged order or orders were filed. *See* Iowa Rs. App. P. 6.101(1)(*b*); 6.102(2); *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022). Jurisdiction refers to a court's power to act. *See State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023). Once an appellate court has jurisdiction over a case, it has jurisdiction over all of the issues presented in the case. Appellate courts have jurisdiction over cases, not separate issues within a case. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) ("An appellate court either has jurisdiction over a criminal appeal or it does not.").

This court has jurisdiction over Warburton's appeal and all of the issues raised on appeal. Warburton challenges his discretionary sentence and sentencing hearing and has thus established good cause to appeal as a matter of right. "Once good cause is established under section 814.6(1)(*a*)(3) as to one issue, we have *jurisdiction* over the entire appeal . . . ." *Rutherford*, 997 N.W.2d at 146; *see also Wilbourn*, 974 N.W.2d at 66 ("Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal."). This includes all issues raised in the appeal even if there are other legal reasons why the court may not have the authority or ability to reach a particular issue. *See Rutherford*, 997 N.W.2d at 146 (explaining the court had jurisdiction over a criminal appeal even if other provisions of the Code limited this court's "*authority* with respect to specific issues raised in the appeal");

*Wilbourn*, 974 N.W.2d at 66 ("We may lack authority to consider all issues, but that is a different matter."). The court of appeals erred in holding otherwise.

While this case, properly understood, does not present a question regarding the acquisition of appellate jurisdiction over a case, it does present a question regarding the scope of the issues and district court decisions available for review within the case. The scope of issues and district court decisions available for appellate review is framed by the content of the notice of appeal. "The notice of appeal must specify the parties taking the appeal and the decree, judgment, order, or part of the decree, judgment, or order appealed from." Iowa R. App. P. 6.102(2)(*a*). Appellate courts must "liberally construe notices of appeal so as to preserve the right of review and, if possible, permit consideration of the merits." *In re L.H.*, 890 N.W.2d 333, 339 (Iowa Ct. App. 2016).

The content of the notice of appeal in this case was sufficiently broad to bring Warburton's challenge to the district court's denial of his motion for resentencing within the scope of appeal. The notice of appeal provided that "the defendant hereby appeals from the final judgment entered on June 24, 2024, and sentencing entered on June 24, 2024, and all adverse rulings therein." Warburton's motion for resentencing challenged the validity of the sentencing proceeding and the resultant final judgment. A motion that seeks to vacate a final judgment and sentence based on an alleged error in the sentencing proceeding is a direct challenge to the final judgment and sentence. The district court's denial of the motion is thus an adverse ruling affirming and inhering in the final judgment and sentence. Because the notice of appeal expressly stated it was an appeal from the judgment of conviction and "all adverse rulings therein," the notice was sufficient to bring the order denying the motion for resentencing within the scope of our review.

It is true that in some circumstances a party must specifically identify a postjudgment order in the notice of appeal to bring a challenge to the order within the scope of appeal. It is also true that in some circumstances a party must file a separate notice of appeal when the district court enters a postjudgment order after one of the parties has filed a notice of appeal. These rules apply, however, to postjudgment orders collateral to the judgment being challenged on appeal. We have explained those rules in numerous cases, most recently in *State v. Smith*, 17 N.W.3d 355, 363–64 (Iowa 2025) (holding that a challenge to a postjudgment notice of firearm prohibition was collateral to and not part of the judgment and sentence specifically identified in the notice of appeal and was not "properly before us on direct appeal"). *See, e.g., Den Hartog v. City of Waterloo*, 926 N.W.2d 764, 773 (Iowa 2019) (stating the "failure to file a separate notice of appeal" on a collateral matter "precludes our appellate review"); *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016) ("Our rule is that matters following the imposition of sentence are collateral and must be addressed separately."); *Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 111 (Iowa 2004) ("The defendants failed to file a separate notice of appeal from the district court's post-judgment and post-appeal ruling on the bank's motion for attorney fees. Therefore, that issue is not before us."); *State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (holding that a postjudgment ruling on appeal bond filed after the notice of appeal was "not properly before us on this appeal" because it was collateral to the judgment identified in the notice of appeal); *Bd. of Water Works Trs. v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991) ("Rulings deciding collateral and independent claims are separately appealable . . . ."). As we explained in *State v. Formaro*, "rulings on collateral or independent issues after final judgment are separately appealable as final

judgments. . . . A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court" to bring a collateral issue to the court's attention. 638 N.W.2d at 727 (citation omitted).

These cases are inapplicable here, however. Warburton filed his notice of appeal *after* the district court filed its order denying Warburton's motion for resentencing, and the district court's order was an adverse ruling intertwined with the judgment and sentence and not collateral thereto. To hold otherwise would defeat the liberal rule of construction we give to notices of appeal. *See Hawkeye Sec. Ins. v. Ford Motor Co.*, 199 N.W.2d 373, 378 (Iowa 1972) (stating that in reviewing "the sufficiency of the content of the notice," we will entertain an issue on appeal if the decision or issue can be fairly inferred from the notice and the appellee has not been misled or prejudiced by the notice); *Schrader v. Sioux City*, 167 N.W.2d 669, 672–73 (Iowa 1969) (holding the notice of appeal will be deemed sufficient to bring an issue within the scope of appeal so long as there is no doubt as to the identity of the proceeding, order, or judgment being challenged on appeal).

## III.

Having concluded that we have jurisdiction over this case and that Warburton's challenge to the sentencing hearing is within the scope of the appeal as defined by the notice of appeal, we turn to the merits of Warburton's sentencing challenge. We readily conclude that the district court did not err or abuse its discretion in denying Warburton's motion for resentencing.

First, the defendant generally has no entitlement to a second sentencing. June 24 was the date of Warburton's sentencing, and it was the date when the parties needed to present all relevant information and arguments to the court. The Iowa Code offers a specific path for a defendant in a felony case to obtain

reconsideration of a sentence from the district court. *See* Iowa Code § 902.4. Warburton seeks to open another path to reconsideration not authorized by the legislature.

Second, this case highlights why there is no general entitlement to resentencing. Like the district court, we conclude that the circumstances indicate the alleged victim impact statement here was most likely generated after sentencing. Warburton does not dispute this point. Nothing prevented Warburton's counsel from reaching out to the guardian ad litem before sentencing. Warburton and his counsel had received notice that as of the date of preparation of the PSI, there had been no victim impact statement. Allowing postsentencing victim impact statements to be submitted presents certain risks, including the risk that a defendant's relatives or associates may have put pressure on the victim after the original sentence had been ordered.

Third, even if the victim impact statement existed prior to the time of sentencing and was an authentic statement but simply did not get filed by the time of sentencing, the defendant lacks any right or standing to insist that the victim be allowed to present a victim impact statement to the sentencing court at the time of sentencing. Iowa Code section 915.21(1) provides that "[a] victim may present a victim impact statement to the court." As is apparent from the text, the statute gives the victim a right to present a statement to the court, at the victim's discretion. *See id.* The victim is not required to give such a statement, and the defendant cannot compel a victim to provide an impact statement. The victim's statutory right to be heard creates an entitlement for the victim; it does not confer an entitlement upon the defendant to have the victim's views considered in mitigation. Consequently, any violation of the victim's right to make a statement to the sentencing court cannot serve as grounds for relief for

the defendant. *See People v. Smith*, 447 N.W.2d 847, 848 (Mich. Ct. App. 1989) ("Simply put, a violation of the Crime Victim's Rights Act does not inure to the benefit of the defendant.").

IV.

For these reasons, we affirm the defendant's conviction and sentence.

**Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed.**